# Cooley

Joseph D. Lockinger
T: +1 212 479 6736
jlockinger@cooley.com

March 16, 2026

The Honorable Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**     ***ElSalmi v. Express Scripts Holding Co., et al., Case No. 1:25-CV-04182***

Dear Judge Chen:

Pursuant to Rule 1(G) of the Court's Individual Practices and Rules, Plaintiff Mohamed ElSalmi, on behalf of himself and others similarly situated ("Plaintiff"), and Defendants Express Scripts Holding Company ("Express Scripts"), Cigna Corporation (together with Express Scripts, "Cigna"), GalaxE Healthcare Solutions, Inc. ("GalaxE"), Galaxy Systems, Inc. (together with GalaxE, "Galaxy"), and Namtal International Inc. ("Namtal") (collectively, "Defendants"), respectfully and jointly write on behalf of all parties to respectfully request an extension of Defendants' deadline to answer or otherwise respond to the Complaint. For the reasons set forth below, the parties submit that good cause exists for the requested extension.[1]

Good cause exists for the requested extension. The parties have reached a settlement agreement to resolve the FLSA claim concerning alleged unpaid wages set forth in the Complaint (the "Settlement Agreement"). Because FLSA settlements require judicial approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the parties are unable to fully resolve this litigation without the Court's review and approval of the Settlement Agreement. Earlier today, Plaintiff filed the Settlement Agreement along with the *Cheeks* approval letter requesting the Court's approval of the Settlement Agreement (*See* ECF No. 28).

Requiring Defendants to answer or otherwise respond to the remaining claims in the Complaint prior to the Court's ruling on the pending Cheeks approval request would be inefficient and potentially wasteful of the parties' and the Court's resources. Specifically, the Court's approval (or disapproval) of the Settlement Agreement may materially affect the scope of the remaining claims and the parties' respective positions with respect to those claims. Extending Defendants' deadline to respond until 30 days after the Court acts on the Cheeks approval request will therefore

---

[1] Express Scripts, Inc. is wholly-owned by Evernorth Health, Inc. and Evernorth Health, Inc. is a subsidiary wholly-owned by The Cigna Group, formerly known as Cigna Corporation. At the appropriate time, Cigna will submit that Express Scripts and Cigna are improperly named as Defendants in this lawsuit.

# Cooley

The Honorable Pamela K. Chen, U.S.D.J.
March 16, 2026
Page Two

conserve judicial resources and allow the parties to focus their efforts on obtaining approval of the Settlement Agreement—a result that serves the interests of all parties

Accordingly, Defendants, with the consent of Plaintiff, respectfully request to extend Defendants' deadline to answer or otherwise respond to the remaining claims in the Complaint to the date that is thirty (30) days after the Court's approval of the Settlement Agreement.

By way of procedural background, the parties have made, and the Court has granted, five prior requests to extend Defendants' deadline to respond to the Complaint, which are summarized below:

|  | **Original Date** | **Requested Date** |
|---|---|---|
| 1st request to extend Defendants' deadline (ECF No. 22) | October 14, 2025 | November 14, 2025 |
| 2nd request to extend Defendants' deadline (ECF No. 23) | November 14, 2025 | December 15, 2025 |
| 3rd request to extend Defendants' deadline (ECF No. 24) | December 15, 2025 | January 15, 2026 |
| 4th request to extend Defendants' deadline (ECF No. 25) | January 15, 2026 | February 15, 2026 |
| 5th request to extend Defendants' deadline (ECF No. 26) | February 15, 2026 | March 16, 2026 |
| Current request to extend Defendants' deadline | March 16, 2026 | 30 days after approval of the Settlement Agreement |

Each request was previously sought with Plaintiff's consent and was granted by the Court. The parties appreciate the Court's consideration of this additional joint request for additional time. The parties acknowledge that prior extensions have been granted and that the Court has indicated no further extensions will be granted absent good cause. The parties respectfully submit that the pendency of the Cheeks approval process—a judicially mandated prerequisite to finalization of the FLSA settlement—constitutes precisely such good cause, and that no party will be prejudiced by the requested extension. To the contrary, granting this extension will promote judicial efficiency and facilitate the resolution of this matter.

# Cooley

The Honorable Pamela K. Chen, U.S.D.J.
March 16, 2026
Page Three

Respectfully submitted,

<div style="display:flex">
<div>

_/s/ Joseph D. Lockinger_
Joseph D. Lockinger
COOLEY LLP
*Counsel for Defendants* GalaxE
Healthcare Solutions Inc. and Galaxy
Systems Inc.

_/s/ Christopher A. Parlo_
Christopher A. Parlo
MORGAN, LEWIS & BOCKIUS LLP
*Counsel for Defendants* Express Scripts
Holding Company and Cigna
Corporation

/s/ Andres A. Munoz
Andres A. Munoz
ROMANO LAW PLLC
*Counsel for Defendant* Namtal
International, Inc.

</div>
<div>

/s/ Catherine E. Anderson
Catherine E. Anderson
Giskan Solotaroff & Anderson LLP
*Counsel for Plaintiff* Mohamed ElSalmi

</div>
</div>